(93 Misc. Rep. 498)

### GOLDBERG v. BERG et al.

(Supreme Court, Appellate Term, First Department.  February 10, 1916.)

BILLS AND NOTES ⊜⟶497—PAYEE'S FRAUD—BONA FIDE HOLDER—BURDEN OF PROOF.

    In an action to recover against the makers of a note given for the purchase of a saloon stock, it appeared that defendants executed the note, which was indorsed by the payees and plaintiff's husband, and that plaintiff purchased the note from her brother, her husband ostensibly managing the saloon for her brother, but under the evidence being one of the owners. Upon taking possession after delivery of the note, defendants discovered that a substantial portion of the stock was missing, and it appeared that the husband had fraudulently disposed thereof. *Held*, that the burden was on plaintiff, obtaining title directly from her brother, not only to show that she had paid full value, but to establish that she had taken the note without notice of the fraud of her husband, under Negotiable Instruments Law (Consol. Laws, c. 38) § 91, defining holder in due course, section 94, providing when a negotiator's title is defective, and section 95, relating to notice of a defect in negotiator's title.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1448, 1675–1681, 1683–1687; Dec. Dig. ⊜⟶497.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Regina Goldberg against Michael Berg and Philip Marks to recover on a note.  Judgment for plaintiff, and defendants appeal. Reversed.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Harry M. Peyser, of New York City, for appellants.

Cohen, Haas & Schimmel, of New York City (Isidore Cohen, of New York City, of counsel), for respondent.

GUY, J.  Action upon note given on purchase of saloon; defense, fraudulent removal of stock before delivery of possession, and that

---

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

plaintiff is not a holder in due course. Negotiable Instruments Law, § 91.

Defendants claimed that two notes were given on the transfer, one for the business and the other for the stock, and it appears that plaintiff was present during the negotiations for the sale. The note in suit, given for the stock, was made payable to Jacob Newman and Abraham Terkeltaub, was indorsed by the payees, and also by Podrushnick & Goldberg, and plaintiff testified that she paid full value in cash for the paper to Terkeltaub, her brother (erroneously referred to in the testimony as Tieteldorf), who was in the raincoat business. Goldberg, plaintiff's husband, ostensibly managed the saloon for Terkeltaub, but according to the evidence was one of the real owners, if not the sole owner, of the place.

One of the defendants testified that before the deal was closed he took a list of the stock; that they took possession on Tuesday night, and Wednesday morning went down in the cellar, and a substantial part of the stock was then missing. The trial justice granted judgment to plaintiff, apparently on the erroneous theory that the burden was on defendants to show that plaintiff had knowledge of the alleged fraudulent removal of the stock.

The plaintiff having taken title directly from one of the payees, under the circumstances disclosed by the record, it was not sufficient for her to show that she had paid her brother payee full value; for if in fact, as the uncontradicted evidence tended to prove, Goldberg, her husband, the real seller of the stock, had fraudulently disposed of a large part of the stock before delivery to the defendants, she was called upon to show, at least to the extent of the value of the missing stock, that she had taken the paper without notice of the alleged fraud. Negotiable Instruments Law, §§ 91, 94, 95; German-American Bk. v. Cunningham, 97 App. Div. 244, 89 N. Y. Supp. 836; American Nat. Bk. v. N. Y. Belting Co., 148 N. Y. 698, 43 N. E. 168.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.